UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES PERNELL HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV258 TIA |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e). The Court reviewed the original complaint and found that it failed to state a claim upon which relief can be granted. Rather than dismissing the case, however, the Court granted plaintiff the opportunity to cure the defects in the complaint by filing an amended complaint. Having reviewed the amended complaint, the Court finds that it fails to state a claim upon which relief can be granted and that it must be dismissed.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing

the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In his amended complaint, plaintiff alleges that prior to his arrival at the St. Louis City Justice Center on August 31, 2010, he had a preexisting condition involving his back and neck that required the services of a neurologist. Plaintiff claims that he was unable to see a doctor until four or five months after he arrived at SLCJC. Plaintiff claims that he was seen by Dr. Caldwell, who told plaintiff that he would treat plaintiff's pain until he was discharged. Plaintiff says he asked for an extra mattress but that the request was denied. The amended complaint differs from the original complaint in that plaintiff had not yet seen a doctor when he filed his original complaint.

To the extent that plaintiff may be attempting to assert a claim against the City of St. Louis, the claim is frivolous. To state a claim against a municipality, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint, however, does not contain any allegations that a policy or custom of the City of St. Louis was responsible for the alleged violations of plaintiff's constitutional rights.

Plaintiff's claim against the City of St. Louis Department of Corrections is legally frivolous because it is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (same).

To state a claim against defendant CMS, plaintiff must allege that there was a policy, custom, or official action that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). Plaintiff has not alleged that a policy or custom of CMS has caused him to be denied medical care. As a result, plaintiff's claim against CMS fails to state a claim upon which relief can be granted.

Plaintiff has failed to cure the defects in the original complaint. Although plaintiff is pro se, the Court is not at liberty to create causes of action for plaintiff. As a result, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of April, 2011.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE